UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LHB INSURANCE BROKERAGE INC., ) <br> On Behalf Of Itself And All Others ) <br> Similarly Situated, ) <br> ) <br>         Plaintiff, ) <br> ) <br> Vs. ) <br> ) <br> CITIGROUP, INC. and CITIGROUP ) <br> GLOBAL CAPITAL MARKETS, INC., ) <br> ) <br>         Defendants. ) <br> ) | Civil Action No. 08-cv-3095 (LTS) |

(*Additional captions follow*)


SAMUEL A. STOCKHAMER'S AND ALICE L. STOCKHAMER'S PLAINTIFFS
IN *STOCKHAMER, ET AL. v. CITIGROUP, INC., ET AL.*, MEMORANDUM OF LAW
IN OPPOSITION TO MOTIONS FOR CONSOLIDATION, APPOINTMENT
OF LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL
<u>AND IN SUPPORT OF COORDINATION</u>


**SCHOENGOLD SPORN LAITMAN &
LOMETTI , P.C.**
Samuel P. Sporn (SPS-4444)
Joel P. Laitman (JL-8177)
Frank R. Schirripa (FS-1960)
19 Fulton Street, Suite 406
New York, New York 10038
Telephone: (212) 964-0046
Facsimile (212) 267-8137

*Attorneys for Samuel A. Stockhamer and
Alice L. Stockhamer, and Proposed Class of
Plaintiffs in Stockhamer, et al. v. Citigroup,
Inc., et al.*

| | |
|---|---|
| **LISA SWANSON, Individually and On Behalf Of All Others Similarly Situated,** )<br><br>    **Plaintiffs,** )<br><br> vs. )<br><br>**CITIGROUP, INC., CITIGROUP GLOBAL MARKETS, INC., and CITI SMITH BARNEY,** )<br><br>    **Defendants.** ) | Case No. 08-cv-3139 (LTS) |
| **SAMUEL A. STOCKHAMER and ALICE L. STOCKHAMER, On Behalf Of Themselves and All Others Similarly Situated,** )<br><br>    **Plaintiffs,** )<br><br> vs. )<br><br>**CITIGROUP, INC. and CITIGROUP GLOBAL CAPITAL MARKETS, INC.,** )<br><br>    **Defendants.** ) | Case No. 08-cv-3904 (LTS) |
| **WEDGEWOOD TACOMA LLC, Individually and On Behalf Of All Others Similarly Situated,** )<br><br>    **Plaintiffs,** )<br><br> vs. )<br><br>**CITIGROUP, INC. and CITIGROUP GLOBAL MARKETS, INC., and CITI SMITH BARNEY,** )<br><br>    **Defendants.** ) | Case No. 08-cv-4360 (LTS) |

## I.      Introduction

This memorandum of law is respectfully submitted on behalf of Samuel A. Stockhamer and Alice L. Stockhamer, the plaintiffs in *Stockhamer, et al. v. Citigroup, Inc. and Citigroup Global Capital Markets, Inc.*, No. 1:08-cv-3904 ("*Stockhamer* action") in opposition to the motions by Wedgewood Tacoma LLP and Jemstone LLP ("Wedgewood/Jemstone") and the Dignam Group ("Dignam") to not only consolidate the *Stockhamer* action with the actions asserting claims under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a) (*i.e.*, *LHB Insurance Brokerage Inc. v. Citigroup Inc.*, No. 1:08-cv-3095; *Swanson v. Citigroup, Inc.*, No. 08-cv-3139 and *Wedgewood Tacoma LLC v. Citigroup, Inc.*, No. 08-cv-4360[1] ("Exchange Act cases")), but also to be appointed "lead counsel" or "interim lead counsel" over the *Stockhamer* action which only asserts claims under the Investment Adviser Act of 1940 ("IAA"), 15 U.S.C. § 80b-1, *et seq.*, and the common law. Purposefully, no Exchange Act claims were asserted in *Stockhamer* because it was determined that proof of the requisite Exchange Act elements of, for example, scienter, market efficiency, loss causation and reliance were inapplicable and inappropriate to the factual predicate of these cases. Counsel in the Exchange Act cases obviously disagreed with that assessment (which is, of course their right) however; now in addition to their consolidation motions, seek to be appointed "lead counsel" over *Stockhamer*.

---

[1] The *Wedgewood Tacoma LLC v. Citigroup, Inc.* action, the last filed of the four actions, asserts claims under Sections 10(b) and 20(a) of the Exchange Act, as well as an Investment Adviser Act claim. *See* Wedgewood/Jemstone Memorandum of Law in Support of Consolidation, Appointment of Lead Plaintiff and Selection of Lead Counsel ("Wedgewood/Jemstone Mem.") at 5 (**"All but *Stockhamer* involve the legal issues of whether Defendants' conduct violates Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5."**) (Emphasis added).

There is simply no basis in law or fact for such an unbridled "power grab." First, as a matter of law there is no priority granted to Exchange Act claims over the claims asserted in *Stockhamer*. Further, such a "consolidation" would severely prejudice the *Stockhamer* action by linking it to procedural delays, impediments and elements of proof simply not applicable to the *Stockhamer* claims. For example, *Stockhamer* would be forced to abide by the automatic discovery stay applicable to the Exchange Act claims when motions to dismiss were made and pending under the Private Securities Litigation Reform Act of 1995 ("PSLRA") even though no such stay provision exists with respect to any of the *Stockhamer* claims. Indeed, plaintiffs in *Stockhamer* have already served a document discovery request which would be stayed by such "consolidation." *See* fn. 2, *infra*.

Further, there is no requirement in *Stockhamer* to establish the market efficiency of the auction rate securities, either at the class certification stage or at trial; yet *Stockhamer* would be tied to burdensome fact and expert discovery schedules encompassing proof of this highly complex issue. Finally, the "consolidation" sought would bind Plaintiffs in *Stockhamer* to the judgment of plaintiffs' counsel in the prosecution of the Exchange Act cases who have asserted claims that plaintiffs in *Stockhamer* believed to be inapplicable and inappropriate. Hence, there would be a conflict of interest between the Exchange Act cases and the *Stockhamer* case, if there were to be an appointment of "lead plaintiff" and "lead counsel" over both sets of cases.

Notwithstanding the opposition to consolidation, appointment of lead plaintiff and the selection of lead counsel, plaintiffs in the *Stockhamer* action fully support coordination of the actions to the extent is does not delay or prejudice the plaintiffs' rights including their right to proceed with discovery.

## II.    Legal Argument

As noted above, the *Stockhamer* action specifically excluded the assertion of any claims under the Exchange Act and thus is ***not*** governed by the PSLRA which requires mandatory publication of the actions, appointment of lead plaintiff and lead counsel and the imposition of an automatic stay of discovery pending a motion for dismiss. *See* 15 U.S.C. §78u-4(a)(3)(B)(i) and (ii) and §78u-4(b)(3)(B).  It is a virtual certainty that the defendants will file motions for dismissal in the Exchange Act cases.

The *Stockhamer* action, filed on April 25, 2008, was the first filed action against the Citigroup Defendants to allege a violation of the Investment Adviser Act and certain common law claims – and preceded the filing of *Wedgewood Tacoma's* combined Exchange Act and IAA action.  The *Stockhamer* action seeks to represent all Smith Barney clients who have had their auction rate securities ("ARS") frozen as a result of Smith Barneys' alleged misconduct.  Having determined not to assert Exchange Act claims and thus not being bound by the procedural requirements and delays of such claims, the *Stockhamer* action has proceeded more rapidly with an Amended Complaint being filed on June 13, 2008 (annexed as Ex. A to the Supporting Declaration of Joel P. Laitman ("Laitman Decl.") and with the service of a First Request for Production of Documents (annexed as Ex. B to the Laitman Decl.) on that same date.[2]  As noted the consolidation and leadership sought by counsel in the Exchange Act cases would

---

[2]     Plaintiffs in *Stockhamer* requested the production of documents provided to or to be provided to the Securities and Exchange Commission ("SEC"), the Federal Bureau of Investigation ("FBI"), the Financial Industry Regulatory Authority ("FINRA"), and the Attorney General of the State of New York in response to subpoenas for Defendants' documents and records in connection with their investigations of the ARS market.  Plaintiffs in the *Stockhamer* action anticipate production of said documents on or about July 14, 2008 – certainly months, if not a year, before an appointed Lead Counsel will have filed their consolidated amended complaint and defendants' have moved for dismissal and the Court could have sustained their allegations, so as to permit discovery under the PSLRA.

3

substantially delay the prosecution of the *Stockhamer* action, subjecting it to the PSLRA automatic discovery stay of discovery and proof of complex issues unrelated to the *Stockhamer* claims.

Further, Wedgewood/Jemstone's desire to serve as Interim Lead Counsel over the IAA and common law claims runs does not achieve "efficiency and economy without jeopardizing fairness to the parties" (Wedgewood/Jemstone Mem. at 13) (quoting Manual for Complex Litigation § 10.221 (4th ed. 2004)). It is patently "unfair" to appoint "lead counsel" attorneys, who the *Stockhamer* plaintiffs chose not to engage, but who have asserted claims the *Stockamer* plaintiffs deemed inapplicable and inappropriate and which would, in fact, "jeopardize," impair and delay the prosecution of the claims they chose to prosecute.

As previously stated, while consolidation and the appointment of a "lead plaintiff" and "lead counsel" is strongly opposed, plaintiffs in the *Stockhamer* action do not oppose *coordination* where feasible but only to the extent that such coordination does not delay or prejudice plaintiffs' rights, including their right to proceed with discovery.

### III. Conclusion

For all the foregoing reasons, plaintiffs in the *Stockhamer* action oppose consolidation of its action with the Exchange Act cases and the appointment of any Lead Plaintiffs and/or Counsel over the *Stockhamer* action, but support coordination of these actions.

Dated:     New York, New York              Respectfully submitted,
           June 16, 2008

                                           **SCHOENGOLD SPORN LAITMAN & LOMETTI , P.C.**


                                           ____/s/ Joel P. Laitman_____
                                           Samuel P. Sporn (SPS-4444)
                                           Joel P. Laitman (JL-8177)
                                           Frank R. Schirripa (FS-1960)

4

                    19 Fulton Street, Suite 406
                    New York, New York 10038
                    Telephone: (212) 964-0046
                    Facsimile (212) 267-8137

*Attorneys for Plaintiffs Samuel A. Stockhamer and Alice K. Stockhamer, and Proposed Class of Plaintiffs in Stockhamer, et al. v. Citigroup, Inc., et al.*