UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LHB INSURANCE BROKERAGE INC., on behalf
of itself and all others similarly situated,

Plaintiff,

v.

CITIGROUP INC. and CITIGROUP GLOBAL
MARKETS INC.,

Defendants.

Case No. 08-CV-3095 (LTS)

Judge Laura T. Swain

*[additional captions follow]*

## DEFENDANTS' RESPONSE TO THE *STOCKHAMER* PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS FOR CONSOLIDATION, APPOINTMENT OF LEAD PLAINTIFF AND SELECTION OF LEAD COUNSEL AND IN SUPPORT OF COORDINATION

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

Brad S. Karp
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.    (212) 373-3000
Fax    (212) 757-3980
bkarp@paulweiss.com
sbuergel@paulweiss.com

Charles E. Davidow
1615 L Street, N.W.
Washington, D.C. 20036-5694
Tel.    (202) 223-7300
Fax    (202) 223-7420
cdavidow@paulweiss.com

*Attorneys for Defendants*

LISA SWANSON, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CITIGROUP INC., CITIGROUP GLOBAL MARKETS INC., and CITI SMITH BARNEY,

Defendants.

Case No. 08-CV-3139 (LTS)

---

SAMUEL A. STOCKHAMER and ALICE L. STOCKHAMER, on Behalf of Themselves and All Others Similarly Situated,

Plaintiffs,

v.

CITIGROUP INC. and CITIGROUP GLOBAL CAPITAL MARKETS INC.,

Defendants.

Case No. 08-CV-3904 (LTS)

---

WEDGEWOOD TACOMA LLC, Individually And On Behalf of All Others Similarly Situated,

Plaintiff,

v.

CITIGROUP INC., CITIGROUP GLOBAL MARKETS INC., and CITI SMITH BARNEY,

Defendants.

Case No. 08-CV-4360 (LTS)

| | |
|---|---|
| SAED GHALAYINI, Individually and On Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>            v.<br><br>CITIGROUP INC., CITIGROUP GLOBAL MARKETS INC., and CITI SMITH BARNEY,<br><br>              Defendants. | Case No. 08-CV-5016 (LTS) |

Defendants submit this memorandum of law in support of consolidation of all the related putative class action lawsuits pending before this Court, including *LHB Insurance Brokerage Inc.* v. *Citigroup Inc., et al.*, 08-cv-3095 (LTS) ("*LHB*"), *Swanson* v. *Citigroup Inc., et al.*, 08-cv-3139 (LTS) ("*Swanson*"), *Stockhamer, et al.* v. *Citigroup Inc., et al.*, 08-cv-3904 (LTS) ("*Stockhamer*"), *Wedgewood Tacoma LLC* v. *Citigroup Inc., et al.*, 08-cv-4360 (LTS) ("*Wedgewood*"), and *Ghalayini* v. *Citigroup Inc., et al.*, 08-cv-5016 ("*Ghalayini*") (collectively, "Citigroup ARS Putative Class Actions"). Defendants' memorandum takes no position with respect to the selection of lead plaintiff,[1] but is submitted in support of the motions for consolidation and in response to the *Stockhamer* plaintiffs' memorandum of law in opposition thereto. (*See* Mem. of Law in Supp. of the Motion of the Dignam Group, at 4-5 [*LHB* Doc. 17]; Mem. of Law in Supp. of the Motion of Wedgewood Tacoma LLC and Jemstone LLC, at 5 [*LHB* Doc. 14]; Mem. of Law in Further Supp. of the Motion of Dr. Michael Passidomo, at 6 n.6 [*LHB* Doc. 28]; *Stockhamer* Pls.' Mem. of Law in Opp'n [*LHB* Doc. 26].)

*        *        *        *        *

The Citigroup ARS Putative Class Actions should all be consolidated in the interest of judicial economy. These actions are brought on behalf of the same putative class, alleging the same losses, resulting from purchases of the same securities, based on the same alleged deception, against the same defendants. For any of these actions to proceed separately from the others would unduly burden the parties and witnesses, needlessly waste judicial resources, and risk conflicting outcomes on

---

[1]    Defendants reserve the right to raise objections to the qualifications of any lead plaintiff in connection with a motion for class certification.

discovery and other pretrial issues. The duplication that would result from a failure to

consolidate is unnecessary and unwarranted.

In particular, the *Stockhamer* case should not be considered separately

from the other Citigroup ARS Putative Class Actions simply because the plaintiffs in that

case have based one of their causes of action on the Investment Advisers Act of 1940, 15

U.S.C. § 80b-1, *et seq.* ("IAA"), which is not subject to the Private Securities Litigation

Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"). *Stockhamer* is not alone in asserting

an IAA claim—*Wedgewood* has done so as well. (*See Wedgewood* Compl. ¶¶ 88-95

[*Wedgewood* Doc. 1].) More importantly, separate consideration would allow the

*Stockhamer* plaintiffs to circumvent the procedural requirements of the PSLRA, which

Congress designed for the express purpose of regulating lawsuits just such as these.

1. *Judicial Economy Favors Consolidation*
   *of All the Citigroup ARS Putative*
   <u>*Class Actions*</u>

Consolidation is permitted where "actions before the court involve a

common question of law or fact." FED. R. CIV. P. 42(a). Where such common questions

are present, it is well recognized that courts have "broad discretion to determine whether

consolidation is appropriate." *Johnson* v. *Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir.

1990). In determining whether to exercise this broad discretion, "courts have taken the

view that considerations of judicial economy favor consolidation." *Id.*; *accord Albert*

*Fadem Trust* v. *Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (Swain, J.)

(consolidating actions presenting common factual and legal issues, involving overlapping

defendants, and involving similar subject matter and class certification issues, in the

interest of judicial economy).

The Citigroup ARS Putative Class Actions are based on the same factual allegations and should therefore be consolidated. *Stockhamer* is not an exception. All of the complaints are brought by and on behalf of Citigroup customers who purchased auction rate securities ("ARS") during a period that extends over a majority, if not all, of the time between March 26, 2003 and February 13, 2008. (*See, e.g.*, *LHB* Compl. ¶ 1 [*LHB* Doc. 1] ("from March 26, 2003 through February 13, 2008"); *Swanson* Compl. ¶ 1 [*Swanson* Doc. 1] ("between March 27, 2003 and February 13, 2008, inclusive"); *Stockhamer* Am. Compl. ¶¶ 1, 5 [*Stockhamer* Doc. 16] (prior to February 13, 2008); *Wedgewood* Compl. ¶ 2 [*Wedgewood* Doc. 1] ("between May 8, 2003, and February 13, 2008 . . . inclusive"); *Ghalayini* Compl. ¶ 1 [*Ghalayini* Doc. 1] ("between May 27, 2003 and February 13, 2008, inclusive").) All of the plaintiffs allege that Defendants misrepresented ARS as cash or money-market equivalents that were very safe and highly liquid. (*See, e.g.*, *LHB* Compl. ¶¶ 3-4, 59-60 [*LHB* Doc. 1]; *Swanson* Compl. ¶¶ 2-3, 33-34 [*Swanson* Doc. 1]; *Stockhamer* Am. Compl. ¶¶ 3, 15, 33-34, 50, 57 [*Stockhamer* Doc. 16]; *Wedgewood* Compl. ¶¶ 3, 37, 47-48, 54-56, 70-71, 77 [*Wedgewood* Doc. 1]; *Ghalayini* Compl. ¶¶ 2-3, 35-36, 52 [*Ghalayini* Doc. 1].) All of the plaintiffs allege damages from lack of liquidity and/or reduction of value of the securities due to failed auctions beginning in February 2008. (*See, e.g.*, *LHB* Compl. ¶¶ 6, 8, 66, 73-74 [*LHB* Doc. 1]; *Swanson* Compl. ¶¶ 4, 39, 42, 44, 53, 56, 60 [*Swanson* Doc. 1]; *Stockhamer* Am. Compl. ¶¶ 40, 61-62, 66-68, 72-73, 77-80 [*Stockhamer* Doc. 16]; *Wedgewood* Compl. ¶¶ 5-6, 57, 59, 61, 64, 81, 84, 87 [*Wedgewood* Doc. 1]; *Ghalayini* Compl. ¶¶ 6, 40-42, 44, 46, 54, 57, 61 [*Ghalayini* Doc. 1].)

Judicial economy will be served by consolidating all of the Citigroup ARS Putative Class Actions, including *Stockhamer*. All of the lawsuits have been commenced within the past three months and no discovery has occurred in any of them.[2] Given the overlap of factual questions and the similarity of the claims and defenses, discovery in each case will cover common issues. Absent consolidation, discovery—and any resulting motion practice—in multiple litigations would be significantly duplicative. That duplication would unduly burden the parties and witnesses and needlessly waste judicial resources.

These considerations of judicial economy are not remotely outweighed by any differences among the defendants, causes of action, or class periods in the Citigroup ARS Putative Class Actions. All five complaints name Citigroup Inc. and Citigroup Global Markets Inc. ("CGMI") as defendants and three of the complaints also name Citi Smith Barney (a division of CGMI) as a defendant.[3] Although, unlike the other complaints, *Stockhamer* does not assert a claim under the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j and 78t, *Stockhamer* and *Wedgewood* overlap with respect to their IAA claims. Finally, while they may vary slightly, all of the proposed class periods fall between March 26, 2003 and February 13, 2008. *See supra*. The law is clear that such

---

[2]   In *Stockhamer*, Plaintiff's First Request for the Production of Documents from Defendants was served on June 13, 2008, which states that "production should be made no later than July 14, 2008." Defendants have not produced any documents in response to this request. Defendants reserve their right to move this Court to stay discovery in *Stockhamer* or seek other relief.

[3]   *Stockhamer* names as a defendant "Citigroup Global Capital Markets, Inc.," rather than Citigroup Global Markets Inc. Citigroup Global Capital Markets, Inc. does not exist.

slight pleading differences do not affect the appropriateness of consolidating the suits.

*See Kaplan* v. *Gelfond*, 240 F.R.D. 88, 91 (S.D.N.Y. 2007).

2.    *Courts Have Not Allowed the PSLRA to*
      *Impede Effective Case Management*

By their very nature, class action litigations have always required the use

of certain procedures for effective case management, including consolidation and

designation of named or lead plaintiffs.  These procedural mechanisms, although adopted

and refined by the PSLRA to "prevent lawyer-driven litigation," predate the Act.[4] *In re*

*Donnkenny Inc. Secs. Litig.,* 171 F.R.D. 156, 157-58 (S.D.N.Y. 1997).  For example, the

PSLRA did not create the role of lead plaintiff, but rather ensures that the lead plaintiff is

selected "on the basis of financial interest, rather than on a 'first come, first serve' basis,"

and that "institutional plaintiffs with expertise in the securities market and real financial

interests in the integrity of the market would control the litigation, not lawyers." *Id.*

(citing H.R. Conf. Rep. No. 104-369, at 31-35 (1995), reprinted in 1995 U.S.C.C.A.N.

679, 730, 730-34).  In this way, the PSLRA serves as an additional guide meant to

improve, and not impede, the court's effective management of class action litigations that

include securities fraud claims.

There is no reason the application of the PSLRA to certain claims and not

others should dictate the court's consideration of those claims through separate

litigation—particularly where the claims arise out of the same set of facts and are brought

by the same putative class against the same defendants, as is the case here.  Certainly,

---

[4]    The process instituted by the PSLRA includes judicial selection of the lead plaintiff
best suited to represent the putative class, disclosure of the plaintiff's interest at stake
and his purpose in acquiring the security at issue, and delay of discovery until the
court has concluded that the claim can survive a motion to dismiss, subject to
appropriate protections. *See* 15 U.S.C. § 78u-4.

there is no statutory requirement that PSLRA and non-PSLRA claims be segregated into tandem litigations. *See generally* 15 U.S.C. § 78u-4. To the contrary, courts often consider class action litigations that combine these claims. *See, e.g., Siepel* v. *Bank of America, N.A.*, 239 F.R.D. 558, 566 & n.8 (E.D. Mo. 2006) (dismissing plaintiffs' claims under IAA, Exchange Act, and Securities Act); *In re Merrill Lynch Inv. Mgmt. Funds Secs. Litig.*, 434 F. Supp. 2d 233 (S.D.N.Y. 2006) (dismissing plaintiffs' claims under Securities Act, Securities Exchange Act, and Investment Company Act); *Morris* v. *Wachovia Secs., Inc.*, 277 F. Supp. 2d 622, 629 (E.D. Va. 2003) (acknowledging that on motion to dismiss, PSLRA's heightened pleading standard applies to securities fraud claims but not IAA claim).

Rather than actively segregating claims, courts have regularly extended the requirements of the PSLRA to non-PSLRA claims and even consolidated these claims. For example, where the PSLRA discovery stay remains in place, courts have applied the stay to non-PSLRA claims as well. *See, e.g., In re Mut. Funds Inv. Litig.*, No. MDL 15861, 2005 WL 697022, at *1 (D. Md. Mar. 11, 2005) (applying discovery stay to non-PSLRA claims); *In re AOL Time Warner, Inc. Secs. & "ERISA" Litig.*, No. MDL NO.1500, 02 Civ.8853 (SWK), 2003 WL 22227945, at *2-3 (S.D.N.Y. Sept. 26, 2003) (applying discovery stay to ERISA litigation, agreeing that "'keeping all parties on an equal footing with respect to discovery' is important, but not at the expense of the statutory command of the PSLRA"). Courts have also chosen to exercise their discretion to consolidate PSLRA and non-PSLRA cases. *See, e.g., Baughman* v. *Pall Corp.*, Nos. 07-CV-3359 (JS)(ARL), 07-CV-3712 (JS)(ARL), 07-CV-4110 (JS)(ARL), 07-CV-4252 (JS)(ARL), 08-CV-144 (JS)(ARL), 2008 WL 2244975, at *2 (E.D.N.Y. May 28, 2008)

6

(consolidating shareholder derivative suit with securities class actions for the purposes of discovery and reserving consideration of consolidation for trial for later date).

There is no reason that PSLRA claims and non-PSLRA claims, such as the IAA claim being asserted in *Stockhamer* and *Wedgewood*, cannot be considered in a single class action litigation. Nor should the presence of a non-PSLRA claim in one action preclude its consolidation with other actions alleging PSLRA claims, particularly, as here, when one of those actions asserts the same non-PSLRA claim.

3.    *The Stockhamer Plaintiffs Should Not*
      *Be Allowed to Avoid the Requirements*
      *of the PSLRA*

The courts have regularly rejected efforts by securities plaintiffs to avoid the requirements of the PSLRA, as the *Stockhamer* plaintiffs attempt here. *Stockhamer* is brought on behalf of the same putative class, based on the same factual allegations, against the same defendants, as the other Citigroup ARS Putative Class Actions. Failure to consolidate *Stockhamer* with the other Citigroup ARS Putative Class Actions and to have it managed by the same lead plaintiff and lead counsel would significantly undermine the PSLRA and its requirements.

Both Congress and the federal courts have taken affirmative steps to prevent circumvention of the PSLRA's requirements. For example, recognizing that litigants were filing securities fraud cases in state court, and under state law, in order to skirt the PSLRA's requirements, Congress enacted the Securities Litigation Uniform Standards Act, 15 U.S.C. § 78bb(f) ("SLUSA"), for the express purpose of stemming such tactics. *See, e.g., Ind. Elec. Workers Pension Trust Fund, IBEW* v. *Millard*, No. 07 Civ. 172(JGK), 2007 WL 2141697, at *2 (S.D.N.Y. July 25, 2007) (citing *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Dabit*, 126 S.Ct. 1503, 1511-12 (2006)). Additionally,

federal courts have repeatedly rejected efforts to avoid the requirements of the PSLRA

through artful pleading, the addition of non-PSLRA claims, or pursuit of claims in a

state—rather than a federal—forum. *See, e.g., Lentell* v. *Merrill Lynch & Co.*, 396 F.3d

161, 177 (2d Cir. 2005) (preventing plaintiffs from avoiding PSLRA's heightened

pleading requirements by framing misstatement claim as market manipulation claim);

*OSRecovery, Inc.* v. *One Groupe Int'l, Inc.*, 354 F. Supp. 2d 357, 369 (S.D.N.Y. 2005)

("plaintiffs cannot avoid the PSLRA through artful pleading"); *In re AOL Time Warner,*

*Inc. Secs. & "ERISA" Litig.*, 2003 WL 22227945, at *2 (extending PSLRA discovery

stay to ERISA claims on the grounds that "Congress could not possibly have intended for

the PSLRA to be so easily marginalized" by simply tacking ERISA claims onto

underlying securities claims); *Rampersad* v. *Deutsche Bank Secs. Inc.*, 381 F. Supp. 2d

131, 134 (S.D.N.Y. 2003) (Swain, J.) ("Allowing Plaintiff to proceed in state court on

claims that, as noted above, essentially mirror his federal securities claim would frustrate

the purpose of the PSLRA stay . . . .").

   The *Stockhamer* plaintiffs should not be allowed to avoid the requirements

of the PSLRA. Consolidation will not prejudice the *Stockhamer* plaintiffs, who,

Defendants respectfully submit, should be subject to the same discovery schedule as the

other Citigroup ARS Putative Class Actions regardless of consolidation. Nor, as the

*Stockhamer* plaintiffs assert, would representation by the same lead counsel create any

"conflict of interest," (*Stockhamer* Pls.' Mem. of Law in Opp'n, at 2 [*LHB* Doc. 26]),

since differing judgments on legal tactics do not amount to such a conflict. In contrast,

the other parties involved in these actions will be significantly burdened by the resulting

8

duplication and potential for conflicting outcomes if *Stockhamer* is *not* consolidated with the other Citigroup ARS Putative Class Actions.

*    *    *    *    *

For the foregoing reasons, Defendants respectfully request that this Court consolidate all the related Citigroup ARS Putative Class Actions and appoint lead plaintiff and lead counsel for the consolidated action.

Dated:  June 20, 2008

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: /s/    Charles E. Davidow

Brad S. Karp
Susanna M. Buergel
1285 Avenue of the Americas
New York, New York  10019-6064
Tel.  (212) 373-3000
Fax  (212) 757-3980
bkarp@paulweiss.com
sbuergel@paulweiss.com

Charles E. Davidow
1615 L Street, N.W.
Washington, D.C. 20036-5694
Tel.  (202) 223-7300
Fax  (202) 223-7420
cdavidow@paulweiss.com

*Attorneys for Defendants*